# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

)
**L.F.O.P, E.C.C., J.C.C., and F.M.,** )
**individually and as representatives of a** )
**similarly situated class,** )
)
       **Plaintiffs,** )
)
       **v.** )
)
**ALEJANDRO MAYORKAS, in his capacity** )
**as Secretary of the United States** )
**Department of Homeland Security,** )
**UNITED STATES DEPARTMENT OF** )
**HOMELAND SECURITY, UR MENDOZA** )
**JADDOU, in her capacity as Director of the** )
**United States Citizenship and Immigration** )
**Services, and the UNITED STATES** )
**CITIZENSHIP AND IMMIGRATION** )
**SERVICES,** )
)
       **Defendants.** )
_____ )

**CIVIL ACTION**
**NO.  4:21-11556-TSH**

## ORDER AND MEMORANDUM ON DEFENDANTS' MOTION TO STAY (Docket No. 24)

### January 21, 2022

**HILLMAN, D.J.**

      In this case, the plaintiffs challenge certain policies of the defendant United States Citizenship and Immigration Services ("USCIS").  The plaintiffs assert that USCIS is unlawfully denying them, and others similarly situated, employment authorization.  The defendants move for a 45-day stay, arguing that pending USCIS deliberations will likely moot the plaintiffs' claims.  (Docket No. 24).  The plaintiffs oppose the motion.  According to Kathryn Anderson, USCIS's Acting Deputy Chief, Office of Policy & Strategy, "USCIS is currently considering a process that

would allow SIJ-classified individuals, including the named Plaintiffs and putative class members, to apply for and be eligible to receive employment authorization.  USCIS anticipates that it will reach a final decision concerning the contemplated process within 45 days, however the Agency is unable to guarantee that the process currently under deliberation will ultimately be finalized and implemented."  (Docket No. 24-1 at ¶ 5).  Given the uncertainty surrounding the finalization and implementation of the contemplated process -- of which details are scarce -- a stay at this time is not warranted.  A balance of the hardships, moreover, weighs in the plaintiffs' favor.  *See Saint-Gobain Performance Plastics Corp. v. Advances Flexible Composites, Inc.*, 436 F. Supp. 2d 252, 253 (D. Mass. 2006).  Finally, the defendants' assertion that Count II of the plaintiffs' complaint is not ripe for review does not, on its own, warrant a complete stay in the case.  Thus, the defendants' motion for a stay (Docket No. 24) is ***denied***.


**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
