**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **L.F.O.P., et al.,** | ) |
| | ) |
| Plaintiffs, | )   Case No. 4:21-cv-11556-TSH |
| | ) |
| **v.** | ) |
| | ) |
| **ALEJANDRO MAYORKAS, in his** | ) |
| **capacity as Secretary of the United States** | ) |
| **Department of Homeland Security, et al.** | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO MOTION FOR CLASS CERTIFICATION**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 4

II.   PERTINENT FACTS AND PROCEDURAL HISTORY ................................. 5

   a.   **Plaintiffs' Factual Allegations, Legal Arguments, and Relief Sought**.......................... 5

   b.   **Legal Background of Employment Authorization** ........................................... 7

III.  STANDARD OF REVIEW ............................................................................... 8

IV.   ARGUMENT ...................................................................................................... 9

   a.   **The putative-class members are not ascertainable.** ........................................ 9

   b.   **The class definition is impermissibly broad because it necessarily includes individuals who lack Article III standing.** ............................................................. 10

   c.   **Certification is improper under Rule 23(b)(2) because Plaintiffs request relief that may not benefit all class members.** ............................................................. 14

V.    CONCLUSION .................................................................................................. 17

# TABLE OF AUTHORITIES

**Statutes and Regulations**

8 C.F.R. § 274a.12 .................................................................................. 6, 7, 8, 9, 17

8 C.F.R. § 245.2 ............................................................................................... 8

8 U.S.C. § 1153 ............................................................................................... 8

8 U.S.C. § 1255 ............................................................................................ 7, 8

8 U.S.C. § 1324a ............................................................................................. 9

**Cases**

*Allison v. Citgo Petroleum Corp.*,
   151 F.3d 402 (5th Cir. 1998) ................................................................... 16, 17

*Avritt v. Reliastar Life Ins. Co.*,
   615 F.3d 1023 (8th Cir. 2010) ................................................................. 12, 13

*Bruns v. Mayhew,* No. 1:12-CV-00131-JAW,
   2013 WL 12233685 (D. Me. Mar. 25, 2013) ................................................... 13

*Crosby v. Social Sec. Admin. Of U.S.*,
   796 F.2d 576 (1st Cir. 1986) .................................................................... 10, 11

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006) ........................................................................ 12

*In re Light Cigarettes Mktg. Sales Practices Litig.*,
   271 F.R.D. 402 (D. Me. 2010) ..................................................................... 13

*In re Nexium Antitrust Litig.*,
   777 F.3d 9 (1st Cir. 2015) ...................................................................... 10, 13

*In re Prograf Antitrust Litig.,* No. 1:11-MD-02242-RWZ,
   2014 WL 4745954 (D. Mass. June 10, 2014) ................................................... 13

*In re TJX Companies Retail Sec. Breach Litig.*,
   246 F.R.D. 389 (D. Mass. 2007) ............................................................... 11, 13

*Kent v. SunAmerica Life Ins. Co.*,
   190 F.R.D. 271 (D. Mass. 2000) ................................................................... 10

*Kohen v. Pacific Inv. Mgmt. Co.*,
   571 F.3d 672 (7th Cir. 2009) ....................................................................... 12

*Kondapally v. U.S. Citizenship & Immigr. Servs.,* No. CV 20-920,
   2021 WL 3633613 (D.D.C. Aug. 16, 2021) ....................................................... 9

*Lemon v. Int'l Union of Operating Eng'rs, Local No. 139*,
   216 F.3d 577 (7th Cir. 2000) ....................................................................... 16

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ........................................................................................ 12, 14

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) .......................................................................... 12

*Monteferrante v. Williams-Sonoma, Inc.*,
    241 F. Supp. 3d 264 (D. Mass. 2017) ............................................................ 12

*Ortiz v. Fibreboard Corp.*,
    527 U.S. 815 (1999) ........................................................................................ 11

*Pagan v. Dubois*,
    884 F. Supp. 25 (D. Mass. 1995) .................................................................... 12, 13

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ............................................................................ 9, 14, 15, 16, 17

*Shanley v. Cadle*,
    277 F.R.D. 63 (D. Mass. 2011) ...................................................................... 10, 11

*Smilow v. Southwestern Bell Mobile Systems*,
    323 F.3d 32 (1st Cir. 2003) ............................................................................ 9, 15, 16

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) .................................................................................... 12

I.    **INTRODUCTION**

This Court should not certify Plaintiffs' proposed class because the putative-class members are not ascertainable, the class definition includes individuals who lack standing, and Plaintiffs have failed to establish that the relief they seek will apply to all putative-class members.

Plaintiffs' class definition includes individuals who are impossible to identify without extensive factual discovery. Plaintiffs intend to represent a class of individuals who "would" apply for an Employment Authorization Document (EAD) but have not done so because applying would be futile. Determining who "would" apply for an EAD and the reasons why the individual chose not to apply would require USCIS to probe into the minds of all SIJ petitioners who reside in Massachusetts. Because USCIS has no way to identify the potential class members without inquiring into the mindset of thousands of SIJ petitioners, the class is not ascertainable.

Not only does Plaintiffs' proposed class lack objective criteria to identify class members, but the class definition is overbroad and sweeps in individuals who lack a case or controversy. Part of the class—by its definition—includes individuals who have not applied for EADs, and therefore have not suffered a concrete injury, nor do they face an imminent denial because they do not have an application pending. And many of the individuals who have applied for employment authorization under the (c)(11) category no longer have a live stake in this litigation because they have received employment authorization. Indeed, many have become lawfully eligible for employment authorization based on their eligibility to apply for adjustment of status to that of a lawful-permanent resident, and many have almost certainly become lawful-permanent residents who no longer need employment authorization. Because the class includes individuals who lack standing or a live stake in the litigation, class certification is inappropriate.

Lastly, Plaintiffs cannot meet their burden of showing that class certification under Rule 23(b)(2) is appropriate. To certify a class under Rule 23(b)(2), the relief requested must benefit all class members. A court should refrain from certifying a class under Rule 23(b)(2) if the requested relief will benefit some members of the class but not others. *See Reid v. Donelan*, 17 F.4th 1, 11 (1st Cir. 2021). Plaintiffs seek to be considered eligible for employment authorization as "parolees," which is a discretionary determination made by USCIS. 8 C.F.R. § 274a.12(c). Because they are seeking discretionary relief, which will only benefit the class members who warrant favorable discretion based on an individualized inquiry, Rule 23(b)(2) does not apply here because, presumably, some class members will be denied. Further, under Count II of Plaintiffs' second amended complaint, Plaintiffs request that USCIS create an "employment-authorization mechanism" without any detail about what the mechanism should be. Since such a sweeping request could encompass an EAD process that is discretionary or requires applicants to meet certain criteria, not all class members may benefit from such relief. Absent a request for relief that will benefit all proposed class members, Plaintiffs have failed to establish that their proposed class merits certification under Rule 23(b)(2).

## II.     PERTINENT FACTS AND PROCEDURAL HISTORY

### a.  Plaintiffs' Factual Allegations, Legal Arguments, and Relief Sought

Plaintiffs L.F.O.P., E.C.C., J.C.C., and F.M. (Plaintiffs) are individuals who have been classified as Special Immigrant Juveniles (SIJ) and who have applied for employment authorization based upon their alleged status as "parolees" under the employment-authorization category (c)(11).[1] ECF No. 26 ¶¶ 17–20. F.M.'s petition has been denied, but the other three

---

[1] Plaintiffs refer to this as "category (c)(11)." *See generally* ECF No. 26, Second Amended Complaint. When an individual applies for employment authorization, they must submit USCIS Form I-765, Application for Employment Authorization, and select the category that makes the

Plaintiffs' employment-authorization applications remain pending. *Id.* They seek to represent a putative class consisting of "all individuals in Massachusetts" who have approved SIJ Petitions and have "applied for an EAD under (c)(11) or would apply but have not done so because USCIS's interpretation of (c)(11) makes it futile." ECF No. 32 at 7.

Plaintiffs argue they are eligible for EADs as individuals who were "paroled" into the United States for "urgent humanitarian purposes." ECF No. 26, ¶¶ 6–10. In support of their proposition, Plaintiffs cite to two separate legal authorities: 8 U.S.C. § 1255(h)(1)—which deems SIJs to be parolees for the purpose of Adjustment of Status[2]—and 8 C.F.R. § 274a.12(c)(11), the regulation permitting USCIS to grant employment authorization to individuals "paroled" for "urgent humanitarian purposes." *Id.* Based upon these two unrelated legal authorities, Plaintiffs argue that USCIS's "denial" of their EAD applications violates the Administrative Procedure Act (APA). *Id.*, ¶¶ 61–67. They contend that, because Congress deemed them "parolees" for the purpose of adjustment of status, Congress must have also intended them to be deemed "parolees" for the purpose of employment authorization. *Id.*, ¶¶ 5–10. Plaintiffs further allege that USCIS violated the APA by failing to provide an employment-authorization mechanism for SIJ-classified individuals, but Plaintiffs do not state what employment-authorization mechanism is legally required or would adequately provide relief to all class members. *Id.*, ¶¶ 68–72.

As far as relief, Plaintiffs request declaratory and injunctive relief. First, Plaintiffs request a broad declaration that "Defendants' policies, practices, conduct, and failures to act as alleged [in the complaint] violate the INA and Defendants' regulations," and a declaration that

---

applicant eligible for employment authorization. Because individuals who are paroled into the United States for humanitarian reasons are eligible to apply for employment authorization under subsection (c)(11) of 8 C.F.R. § 274a.12, Plaintiffs refer to their eligibility as "category (c)(11)."

[2] "Adjustment of status" refers to the process of a noncitizen adjusting their immigration status to the status of a lawful-permanent resident.

"Defendants' policies, practices, conduct, and failures to administer the SIJ[] program without affording SIJs access to employment authorization" violate the APA. ECF No. 26 at 21. Second, Plaintiffs request an injunction enjoining Defendants from "denying or delaying issuance of" EADs to "Plaintiffs and the class members" based on Defendants' position that Plaintiffs and class members are not "authorized aliens" by law. *Id.* at 22. Similarly, Plaintiffs request an injunction enjoining Defendants from "withholding employment authorization eligibility or documents" from Plaintiffs and the class members based on Defendants' position that "Plaintiffs and the class members" are not "authorized aliens" by law. *Id.*

**b.   Legal Background of Employment Authorization**

Currently, no statute or regulation specifies a mechanism for employment authorization eligibility based solely on SIJ classification. Rather, SIJs become eligible for employment authorization once they become eligible to apply for adjustment of status to that of a lawful permanent resident. 8 C.F.R. § 274a.12(c)(9). Individuals granted SIJ classification may apply for adjustment of status only if an immigrant visa is immediately available to them. 8 U.S.C. § 1255(a), (h); 8 C.F.R. § 245.2(a)(2)(i)(A). Congress, however, limited the number of immigrant visas annually available to SIJ-classified individuals. 8 U.S.C. § 1153(b)(4). Consequently, SIJs from countries that have more SIJs than available immigrant visas (i.e., Honduras, El Salvador, Guatemala, and Mexico) must wait several months, or sometimes years, before an immigrant visa is available to them. *See* Dep't of State, February 2022 Visa Bulletin, Employment Based Preferences (Fourth), https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin/2022/visa-bulletin-for-february-2022.html. Because of the immigrant-visa backlog, SIJs from these four countries are not immediately eligible to apply for adjustment of status. Until they are eligible to apply for adjustment of status, these SIJs are ineligible for

employment authorization under the pertinent regulation and statute.[3] *See* 8 U.S.C. § 1324a(h)(3) (defining "unauthorized," with respect to the employment of a noncitizen, to mean that the noncitizen is either not a lawful permanent resident or not otherwise authorized to be employed); *see also* 8 C.F.R. § 274a.12 (no employment-authorization category for SIJs).

To be considered eligible for employment authorization as a "parolee" under 8 C.F.R. § 274a.12(c)(11), the individual must be "paroled into the United States temporarily for urgent humanitarian reasons or significant public benefit." 8 C.F.R. § 274a.12(c)(11). The decision to grant employment authorization under this category is "within the discretion of USCIS." 8 C.F.R. § 274a.13(a)(1); *see also Kondapally v. U.S. Citizenship & Immigr. Servs.*, No. CV 20-920, 2021 WL 3633613, at *11 (D.D.C. Aug. 16, 2021) ("Under the regulations, approval or denial of [an EAD] application "is within the discretion of USCIS," 8 C.F.R. § 274a.13(a)(1), without any textual limitation on that discretion.").

### III.   STANDARD OF REVIEW

The decision to grant or deny class certification is discretionary. *Smilow v. Southwestern Bell Mobile Systems*, 323 F.3d 32, 37 (1st Cir. 2003). Nonetheless, a court must conduct a "rigorous analysis" of the Rule 23 prerequisites before certifying a class. *Id.* at 38 (citing *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 161 (1982)). The Supreme Court has explained that "Rule 23 does not set forth a mere pleading standard"; rather, a plaintiff "must affirmatively demonstrate [his] compliance with the Rule." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). To do so, a plaintiff has the burden to demonstrate by a preponderance of the evidence

---

[3] SIJs from all other countries have immigrant visas immediately available to them, and therefore are immediately eligible to apply for EADs once they apply for adjustment of status.

that Rule 23's prerequisites to class certification are satisfied. *In re Nexium Antitrust Litig.*, 777 F.3d 9, 27 (1st Cir. 2015).

## IV.   ARGUMENT

### a.  The putative-class members are not ascertainable.

Before applying the Rule 23 requirements, the Court must first determine whether the scope of the class is "administratively feasible." *Kent v. SunAmerica Life Ins. Co.*, 190 F.R.D. 271, 278 (D. Mass. 2000). To certify a class, the definition of the class must be "definite" so as to "allow the class members to be ascertainable." *Nexium*, 777 F.3d at 19 (string citations omitted). When class members are "impossible to identify" without fact discovery and litigation, the class may not be certified. *Crosby v. Social Sec. Admin. Of U.S.*, 796 F.2d 576, 580 (1st Cir. 1986). Determining whether class members are ascertainable is "essential" because a class must be "unambiguously defined in order for a court to decide and declare who will receive notice, who will share in any recovery, and who will be bound by the judgment." *Kent* 190 F.R.D. at 278 (citing *Crosby*, 796 F.2d at 580).

A class is not ascertainable when it requires an inquiry into the particulars of each potential member's circumstance. *Shanley v. Cadle*, 277 F.R.D. 63, 68 (D. Mass. 2011). In *Shanley*, the plaintiffs moved to certify a class of "all Massachusetts residents who Defendants collected or attempted to collect consumer debt against without a license to do so…during the period from November 23, 2003 through the present." *Id.* at 67. The district court held that the proposed class was not ascertainable because determining who was in the class "would require the determination of additional facts particular to each putative class member." *Id.* Specifically, to ascertain class members, the district court would have had to determine the type of debt each class member had and the collection efforts undertaken by the defendants. *Id.*

at 68. Without this individualized inquiry, the Court "risk[ed] sweeping into the class individuals whose factual circumstances either were materially different than those of the class representatives or implicated no legally-proscribed conduct." *Id.* An individualized inquiry is necessary here, too.

It is impossible for USCIS to determine who "would apply" for EADs under category (c)(11) but have not done so because it is futile. To determine who would fall into this class, USCIS would need to poll every SIJ-classified individual in the state of Massachusetts and ask them whether they would have applied for employment authorization based on the (c)(11) classification. Indeed, this inquiry would require a fact-specific poll of thousands of individuals just to determine the parameters of the class. Without polling individuals about whether they "would have" applied for EADs under category (c)(11), USCIS would risk sweeping into the class individuals whose factual circumstances are materially different than those of the class representatives—such as individuals who are eligible for EADs based on adjustment-of-status eligibility or Deferred Action for Childhood Arrivals (otherwise known as "DACA"). Because USCIS cannot identify class members based on Plaintiffs' definition without first undergoing extensive fact discovery, class certification is inappropriate. *Crosby*, 796 F.2d at 580.

### b. The class definition is impermissibly broad because it necessarily includes individuals who lack Article III standing.

Rule 23's requirements "must be interpreted in keeping with Article III constraints." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612-13 (1997)). "It is well-established that members of a plaintiff class must all have the legal right to bring suit against the defendant on their own; inclusion of those without such standing renders the class overbroad." *In re TJX Companies Retail Sec. Breach Litig.*, 246 F.R.D. 389, 392 n.2 (D. Mass. 2007). Indeed, courts may strike class allegations that encompass

10

individuals who cannot meet basic jurisdictional requirements. *Monteferrante v. Williams-Sonoma, Inc.,* 241 F. Supp. 3d 264, 269 (D. Mass. 2017); *see also Pagan v. Dubois,* 884 F. Supp. 25, 28 (D. Mass. 1995) (holding plaintiffs' class definition was overbroad because it included those who did not have an injury).

When class members cannot show a concrete injury, they lack standing to sue. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021). To establish standing, a plaintiff must first show that he suffered an injury in fact that is concrete, particularized, and actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). If the plaintiff is at risk of a future harm and is pursuing injunctive relief, the risk of harm must be sufficiently imminent and substantial. *TransUnion*, 141 S. Ct. at 2210 (string citations omitted). It is axiomatic that "federal courts do not adjudicate hypothetical or abstract disputes," and they "do not possess a roving commission to publicly opine on every legal question." *Id.* at 2203. To be sure, federal courts "do not exercise general legal oversight of the Legislative and Executive Branches." *Id.* Even if a judicial procedure, such as class certification, is "efficient, convenient, and useful in facilitating functions of government," this is insufficient to justify the procedure if it is unconstitutional. *Id.* at 2207.

Because federal courts may not adjudicate claims of plaintiffs who lack Article III standing, the Second, Seventh, Eighth, and Ninth Circuits have all held that "no class may be certified that contains members lacking Article III standing." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006); *Kohen v. Pacific Inv. Mgmt. Co.,* 571 F.3d 672, 676 (7th Cir. 2009)*; Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010); *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012). The logic behind this holding is straightforward: "a named plaintiff cannot represent a class of persons who lack the ability to

bring a suit themselves." *Avritt*, 615 F.3d at 1034. At least two courts in this district held the

same. *See In re TJX Companies*, 246 F.R.D. at 393 n.2 (citations omitted); *In re Prograf*

*Antitrust Litig.*, No. 1:11-MD-02242-RWZ, 2014 WL 4745954, at *3 (D. Mass. June 10, 2014)

("As for the absent class members, *Denney* does 'not require that each member of a class submit

evidence of personal standing,' but rather asks whether the class 'is defined in such a way that

anyone within it would have standing.'") (citing *Denney*, 443 F.3d at 264); *cf. Pagan*, 884 F. at

28 (holding that the proposed class "would have to be redefined" to include only individuals who

had suffered an injury). Other district courts within the First Circuit have also declined to certify

a class when the proposed definition of the class would sweep in individuals who lack standing

to sue. *See Bruns v. Mayhew*, No. 1:12-CV-00131-JAW, 2013 WL 12233685, at *7 (D. Me. Mar.

25, 2013) (holding that the proposed class definition—"noncitizens 'who in the future *would* be

eligible for MaineCare benefits, but for their alienage and immigration status'"—was too broad

and did not demonstrate an injury in fact); *cf. In re Light Cigarettes Mktg. Sales Practices Litig.*,

271 F.R.D. 402, 419 (D. Me. 2010) (concluding that, at the class-certification stage, "the focus is

on 'the class definition; if the definition is so broad that it sweeps within it persons who could

not have been injured by the defendant's conduct, it is too broad.'") (quoting *Kohen*, 571 F.3d at

677 (7th Cir. 2009)).[4]

  Here, Plaintiffs attempt to certify a class that—by its definition—includes individuals

who lack standing because they lack a concrete injury. Plaintiffs include class members who

---

[4] In addition, although the First Circuit has not yet expressly adopted the view of the Second,
Seventh, Eighth, and Ninth Circuits that the class must be defined in such a way that all members
have standing, it has recognized this requirement and, to some extent, applied it. *Cf. In re
Nexium Antitrust Litig.*, 777 F.3d 9, 32 (1st Cir. 2015) ("To the extent that it is necessary that
each and every member of the class who secures a recovery also has standing, the requirement
will be satisfied—only injured class members will recover.") (citing *Denney*, 443 F.3d at 263–64
and *Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 778 (8th Cir. 2013).

"would apply" for EADs "but have not done so" because of futility. However, because these

individuals have not applied for EADs, they face no actual or imminent harm. *Lujan*, 504 U.S. at

564 (holding that the plaintiffs lacked standing because "'some day' intentions—without any

description of concrete plans, or indeed even any specification of when the some day will be—do

not support a finding of 'actual or imminent' injury that our cases require."). Likewise,

individuals who applied for employment authorization based on the (c)(11) category[5] but who

have become eligible for employment authorization because they have applied for adjustment of

status or received another immigration benefit, no longer have a live stake in the outcome of this

case. Simply put, the class is overbroad because it includes individuals who lack a case or

controversy.

An overbroad class that includes individuals who lack standing is especially problematic

under Rule 23(b)(2). *Wal-Mart*, 564 U.S. at 364–65. In *Wal-Mart*, the putative-class members no

longer employed by Wal–Mart lacked standing to seek injunctive or declaratory relief against

Wal-Mart's employment practices. *Id.* at 364. The Ninth Circuit therefore excluded from the

class only individuals who had left the company by the date the complaint was filed. *Id.* at 364–

65. But the Supreme Court found that this solution "has no logical connection to the problem,

since those who have left their Wal–Mart jobs since the complaint was filed have no more need

for prospective relief than those who left beforehand." *Id.* at 365. As a consequence, "about half

---

[5] For example, in support of their Motion, Plaintiffs allege that USCIS denied employment authorization to 57 individuals who applied for employment authorization based on the (c)(11) category. ECF No. 32 at 6 (citing Peredo Aff. [Dkt. 1-7]; Badger Aff., and Rees Aff). According to the Peredo affidavit, 55 of these 57 individuals applied in 2019 or 2020. Because the current priority date (i.e. the date USCIS received the SIJ petition) for SIJs from El Salvador, Guatemala, and Honduras is March 15, 2019 and the priority date for SIJs from Mexico is April 1, 2020, it is very likely that most of these putative-class members are either eligible for adjustment of status or are now lawful-permanent residents. *See* U.S. Dept. of State, *Visa Bulletin for February 2022*, (Jan. 7, 2022), https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin/2022/visa-bulletin-for-february-2022.html.

the members of the class approved by the Ninth Circuit ha[d] no claim for injunctive or declaratory relief at all." *Id.* Thus, the Court held that rather than imposing an arbitrary limitation on class membership, the district court should have simply refused to certify the class under Rule 23(b)(2) at all. *Id.* The Court should refuse certification here, too.

Because the putative-class members' claims will continuously moot out as they become eligible to apply for adjustment of status (and therefore eligible to apply for employment authorization), Plaintiffs' transient class should not be certified under Rule 23(b)(2). Indeed, as the priority dates move forward each month, more putative-class members become eligible for adjustment of status, and therefore employment authorization, thereby mooting out their claims for relief under this lawsuit. As the Supreme Court held in *Wal-Mart*, rather than drawing arbitrary lines based on who had standing at the time the complaint was filed, the Court should simply refuse to certify the class, as many of these individuals no longer need relief. *Wal-Mart*, 564 U.S. at 365.[6] Thus, because the class definition necessarily includes individuals who lack a live stake in the outcome of this case, this Court should deny class certification.

### c. Certification is improper under Rule 23(b)(2) because Plaintiffs request relief that may not benefit all class members.

The class-action proponent must satisfy Federal Rules of Civil Procedure 23(a) and one of the elements of 23(b). *Smilow*, 323 F.3d at 38. A petitioner must first show that the four requirements in Rule 23(a) have been satisfied: (1) a class so numerous that joinder of all members is impracticable (numerosity); (2) common questions of law or fact to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims

---

[6] Should the Court ultimately grant judgment in Plaintiffs' favor and issue declaratory relief as Plaintiffs request, the declaration would be sufficient to cover any SIJ-classified individuals who wish to apply for EADs under the (c)(11) category, regardless of whether the Court certifies the class. *See* Second Am. Compl., ECF No. 26 at 25 (declaratory relief not limited to members of the class).

or defenses of the class (typicality); and (4) the representative will adequately protect the class (adequacy). Fed. R. Civ. P. 23(a)(1)-(4); *see also Wal-Mart,* 564 U.S. at 345. But satisfying Rule 23(a) is not enough; a plaintiff must also show that the class falls within one of the three types of class actions in Rule 23(b). *See* Fed. R. Civ. P. 23(b); *see also Smilow,* 323 F.3d at 38.

Rule 23(b)(2) allows class treatment when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart*, 564 U.S. at 360 (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)); *see also Lemon v. Int'l Union of Operating Eng'rs, Local No*. 139, 216 F.3d 577, 580 (7th Cir. 2000) ("Rule 23(b)(2) operates under the presumption that . . . the case will not depend on adjudication of facts particular to any subset of the class nor require [distinct] remed[ies].").

A proposed class lacks cohesiveness when declaratory and injunctive relief will benefit some members of the class, but not others. *See Reid*, 17 F.4th at 11 (vacating class-wide declaratory and injunctive orders because the Rule 23(b)(2) class included some members entitled to bond hearings and others who were not). Rule 23(b)(2) class certification is not appropriate where members of the class have conflicting interests or where individualized inquiry is required to grant relief. *Cf. Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 413 (5th Cir. 1998) (explaining that 23(b)(2) relief is awarded "without requiring a specific or time-

consuming inquiry into the varying circumstances and merits of each class member's individual case.").

Here, Plaintiffs seek an injunction enjoining USCIS from denying, delaying, or withholding EADs from the class "based on [USCIS's] position that [the statute and the regulation] do not make Plaintiffs and the class members *authorized* aliens." ECF No. 26 at 22 (emphasis added). The regulation that Plaintiffs rely on states that a noncitizen who has been paroled may accept employment authorization "if authorized" by USCIS. 8 C.F.R. § 274a.12(c). The regulation, however, is wholly discretionary. In fact, the regulation contains no guidance for when USCIS should grant employment authorization to individuals who have been paroled into the United States, not to mention that the regulation is silent about eligibility for SIJ-classified individuals. *Id.*; *see also* 8 C.F.R. § 274a.13(a)(1). Thus, Plaintiffs are seeking relief that is discretionary and is highly unlikely to apply to all class members. Whether such an order will provide relief to every class member depends upon class members' individual circumstances as a matter of discretion. Because a single injunction is unlikely to provide relief to all class members, Plaintiffs have failed to establish a class under Rule 23(b)(2). *Reid*, 17 F.4th at 11; *Wal-Mart*, 564 U.S. at 360.

Likewise, Plaintiffs' Count II is a request for relief that may not cover all class members. Specifically, Count II requests that the Court order USCIS to afford SIJs an employment-authorization mechanism to the class. However, such a sweeping request could encompass a number of employment-authorization mechanisms that may not cover all class members. For example, if USCIS were to create an employment-authorization mechanism that is discretionary or requires certain factors to be met before exercising favorable discretion, not all class members would benefit from such relief. Because USCIS could devise an employment-authorization

mechanism that only benefits some class members but not others, Plaintiffs have failed to establish class certification under Rule 23(b). *Reid*, 17 F.4th at 11.

## V.   CONCLUSION

Because the members in Plaintiffs' class cannot be readily ascertained and lack a live case or controversy, and since the injunctive relief that Plaintiffs seek would not benefit all putative-class members, this Court should deny class certification.

Dated:  February 7, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

WILIAM C. SILVIS
Assistant Director

/s/ Katelyn Masetta-Alvarez
KATELYN MASETTA-ALVAREZ
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0120
E-mail:  katelyn.masetta.alvarez@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Katelyn Masetta-Alvarez
KATELYN MASETTA-ALVAREZ

Dated: February 7, 2022

18