UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **L.F.O.P., et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 4:21-cv-11556-TSH |
| **ALEJANDRO MAYORKAS, in his** ) | |
| **capacity as Secretary of the United States** ) | |
| **Department of Homeland Security, et al.** ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF FACTUAL DEVELOPMENTS**

Defendant United States Citizenship and Immigration Services (USCIS) notifies this Court of recent factual developments that support Defendants' Supplemental Brief Regarding Mootness, ECF No. 86, and Defendants' Opposition to Plaintiffs' Motion to File a Fourth Amended Complaint, ECF No. 90. USCIS reports that all nine of the current named Plaintiffs have been granted employment authorization; proposed named Plaintiff D.F.M. is eligible for employment authorization based on his grant of deferred action; and proposed named Plaintiff R.P.M. is currently employment authorized.[1]

First, USCIS informs the Court that on August 1, 2022, USCIS granted named Plaintiff G.M.'s application for employment authorization under 8 C.F.R. § 274a.12(c)(14) based on his grant of deferred action. Thus, all nine of the currently named Plaintiffs have received employment authorization based on deferred action. *See* ECF No. 83 (notifying the Court that, as of June 21,

---

[1] Because proposed named Plaintiffs P.S.C. and F.A.N. have withdrawn their request to represent the putative class, *see* ECF No. 107, USCIS does not include their employment-authorization status in this notice.

2022, all of the named Plaintiffs other than G.M. had received employment authorization).

Second, USCIS reports that, as of October 3, 2022, it has granted deferred action to proposed named Plaintiff D.F.M., the only proposed named Plaintiff who had not yet received a deferred-action decision.[2] Pls. Mot. to File Fourth Am. Compl., ECF No. 88-1, ¶ 28. Deferred action allows D.F.M., as well as similarly situated SIJs, to apply and be considered for employment authorization under 8 C.F.R. § 274a.12(c)(14).

Third, USCIS notifies the Court that, according to USCIS's records, proposed named Plaintiff R.P.M. currently has employment authorization that is valid through February 3, 2023.[3] According to USCIS's records, proposed named Plaintiff R.P.M. has not applied for a renewal or replacement employment authorization document (EAD), even though he is eligible to apply for one and has allegedly misplaced his EAD. *See* ECF No. 88-1, ¶ 27.

In light of these developments, none of the current or proposed named Plaintiffs has a live stake in the outcome of this litigation because they are all either employment authorized or eligible to apply for employment authorization, and this case should therefore be dismissed for lack of jurisdiction without leave to amend. *See* Supp. Brief in Support of Mootness, ECF No. 86 at 10–12; *see also* Defs.' Opp. to Mot. for Leave to File Fourth Am. Compl., ECF No. 90 at 11–14. Further, because the current named Plaintiffs' claims are moot and none of the proposed named Plaintiffs has standing now that D.F.M. is eligible to apply for an EAD, none of the current or

---

[2] Because of the small number of SIJs who had not received deferred action as of June 21, 2022, USCIS was able to identify Plaintiff D.F.M. based solely on the limited biographical information about D.F.M. included in the proposed Fourth Amended Complaint.

[3] Because of the small number of SIJs who have not received deferred action, USCIS was able to identify Plaintiff R.P.M. based solely on the limited biographical information about R.P.M. included in the proposed Fourth Amended Complaint.

proposed named Plaintiffs meets the typicality or adequacy-of-representation requirement under Fed. R. Civ. P. 23(a). *See* ECF No. 86 at 20–21. In addition, considering that all of the named and proposed named Plaintiffs are at least eligible for employment authorization, the proposed-class definition necessarily sweeps in putative-class members who lack standing because the vast majority of putative-class members are likely employment authorized or eligible to apply for employment authorization. *Id.* at 21–22. For the same reasons, Plaintiffs likely cannot meet their burden of showing that the class is sufficiently numerous. *Id.* at 19–20.

October 7, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

WILIAM C. SILVIS
Assistant Director

/s/ Katelyn Masetta-Alvarez
KATELYN MASETTA-ALVAREZ
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-0120
E-mail:  katelyn.masetta.alvarez@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: October 7, 2022                               /s/ Katelyn Masetta-Alvarez
                                                     KATELYN MASETTA-ALVAREZ

## CERTIFICATE OF COMPLIANCE

I certify that on October 6, 2022, Defendants asked for Plaintiffs' position to filing this Notice. Counsel for Plaintiffs take no position on this Notice.

Dated: October 7, 2022                               /s/ Katelyn Masetta-Alvarez
                                                     KATELYN MASETTA-ALVAREZ